UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BELLE COMPANY, L.L.C.                                         CIVIL ACTION
                                                              NO. 07-2895

VERSUS

ASSUMPTION PARISH AND/OR                                      SECTION M
ASSUMPTION PARISH POLICE JURY

## ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, which is opposed by Plaintiff, and which came for hearing on September 5, 2007, on the briefs. After consideration of the motion, the opposition, and the applicable law, the Court grants the motion.

On January 14, 2005, Defendants Assumption Parish and the Assumption Parish Police Jury (Assumption Parish) enacted Ordinance No. 05-01, which amended section 24-D Siting Criteria of ordinance 95-11. The amendment provided as follows:

> *SECTION 24: SITING CRITERIA*
> **D.**   *No operational cell of a waste disposal facility shall be placed within 2 miles of an inhabited residence or within 4 miles of a hospital or school.*

Plaintiff, Belle Company, L.L.C. (Belle) alleges in its petition that this ordinance was enacted after the filing of petitioner's application and that this amendment disqualifies Belle's proposed landfill site. Belle brought this action against Assumption Parish seeking

injunctive relief and attorney's fees. Assumption Parish moves to dismiss Belle's amended complaint because it fails to state a claim upon which relief can be granted. This Court agrees with Assumption Parish for the following reasons.

First, a zoning decision made by an elected body is a legislative action, and as such, procedural due process requirements do not apply. <u>Jackson Court Condominiums, Inc. v. City of New Orleans</u>, 874 F.2d 1070, 1074 (5th Cir. 1989); *See* <u>Toga Society, Inc. v. Lee</u>, 323 F.Supp.2d 779, 789 (E.D. La. 2004).

Second, Belle's allegation of a substantive due process violation must fail because it's petition does not allege any facts that support the notion that Assumption Parish did not have a rational basis for enacting the amendment. Clearly, the protection of residences and schools is a legitimate objective of a zoning regulation. *See* <u>Jackson Court</u> *at 1078*.

Third, Belle's contention that its equal protection rights were denied is without merit. Belle did not allege discriminatory application of the ordinance, and Belle did not allege any specific facts to show that the zoning classification was not "rationally related to a legitimate state objective." *Id. at 1079*.

**Accordingly**, the Amended Complaint should be dismissed.

New Orleans, Louisiana, this  7  day of September, 2007.

                                                                              *[signature]*
                                                                              Peter Beer
                                                                              United States District Court

2